IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC HOUSTON, : | |
| : | |
| Petitioner : | |
| : | |
| v. : | CIVIL NO. 4:CV-14-1256 |
| : | |
| WARDEN THOMAS, : | (Judge Brann) |
| : | |
| Respondent : | |

**MEMORANDUM**

November 20, 2015

**Background**

This pro se habeas corpus action pursuant to 28 U.S.C. § 2241 was initiated Eric Houston, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), in the United States District Court for the Northern District of New York. The matter was subsequently transferred to this Court. Thereafter, Houston filed an Amended Petition. See Doc. 24.

The Amended Petition is a rambling often times illegible fourteen (14) page document. Named as Respondents are Warden Jeff Thomas and Disciplinary Hearing Officer (DHO) A. Jordan of USP-Lewisburg.[1]

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, Warden Thomas. See 28 U.S.C. § 2242.

1

The Amended Petition in part seems to challenge the computation of Petitioner's sentence by the Bureau of Prisons (BOP) and vaguely maintains that his release date should have been February 5, 2015 but has been changed to 2016. See id. at p. 2. Houston also raises general claims pertaining to the conditions of his confinement at USP-Lewisburg as well as allegations of mail interference, racially motivated mistreatment, physical and verbal abuse. Although DHO Jordan is listed as being a Respondent, it is noted that there are no discernible claims set forth regarding any specific USP-Lewisburg disciplinary proceedings.

Respondent seeks dismissal of the Amended Petition on the grounds that: (1) many of Houston's contentions do not seek immediate or more speedy release and are more properly characterized as civil rights claims; (2) no factual information as to which institutional disciplinary proceedings, if any, are being challenged or the nature of any such claims; and (3) the Petitioner's allegations are so vague and ambiguous, even given the liberal treatment afforded to pro se submissions, a reasonable response cannot be prepared .[2] See Doc. 28, p. 5.

**Discussion**

---

[2] Respondent also asserts that the Amended Petition is deficient because it fails to state whether Houston has exhausted his administrative remedies. However, the burden of demonstrating non-exhaustion rests with the Respondent.

**Conditions of Confinement/Staff Abuse**

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

Houston makes no discernible claim by that the alleged inadequate conditions of his confinement and mistreatment by USP-Lewisburg staff, which

purportedly violated his constitutional rights, included a loss of good time credits or otherwise extend the length of his confinement. There is no basis for a determination that those alleged acts of constitutional misconduct adversely affected the fact or duration of Houston's incarceration. See Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.). Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the request for dismissal of those allegations will be granted without prejudice to any right Houston may have to reassert any claims of constitutional misconduct by USP-Lewisburg prison officials which did not adversely affect the duration of his confinement in a properly filed civil rights complaint.

**Disciplinary Proceedings**

As previously noted, DHO Jordan has been named as a Respondent in this matter. However, the Amended Petition does not set forth any facts or claims whatsoever showing that Houston was sanctioned to a loss of good time credits as a result of any USP-Lewisburg disciplinary proceedings or that any misconduct charge by prison officials otherwise extended the length of his confinement.

Moreover, even if any such disallowance of good conduct time was

imposed at USP-Lewisburg there is no specific disciplinary proceeding[s] identified and there are no discernible allegations raised by Petitioner that he was not provided with any of the procedural due process protections mandated by <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-73 (1974) and <u>Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill</u>, 472 U.S. 445, 453-56 (1985).

Based upon a careful review of the Amended Petition, there is simply no viable claim that any purported constitutional misconduct by prison staff adversely affected the fact or duration of Houston's incarceration. <u>See</u> <u>Fiore v. Lindsay</u>, 336 Fed. Appx. 168, 170 (3d Cir. 2009)(forms of prison discipline other then a loss of good time credit may not be pursued under § 2241). Accordingly, this Court will grant the Respondent's request for dismissal since "habeas corpus is not an appropriate or available federal remedy" with respect to any such unsupported claims. <u>See</u> <u>Linnen</u>, 991 F.2d at 1109.  In conclusion, there is no identifiable basis for a claim that Petitioner is seeking entitlement to speedier or immediate release from custody based upon denial of due of due process during institutional disciplinary proceedings.

**<u>Sentence Computation</u>**

The allegations set forth in the Amended Petition do not include a challenge to the legality of Houston' underlying criminal conviction and sentence.

However, there is a wholly unsupported assertion by Houston that his release date should have been February 5, 2015 but was somehow changed to 2016. See Doc. 24, p. 2.

Houston pled guilty to possession with intent to distribute cocaine base (crack) in the United States District Court for the Eastern District of Tennessee. See Houston v. United States, No. 3:99-CR-132, 2006 WL 13213 *1 (E.D. Tenn. Jan. 3, 2006). By judgment entered November 7, 2000 he was sentenced to a 200 month (16 year, 8 month) term of imprisonment. See id. As of May 17, 2012, the Petitioner was scheduled for release by the Bureau of Prisons (BOP) on May 12, 2015. See United States v. Houston, No. 3:99-CR-132, 2012 WL 1802437 * 3 (E.D. Tenn. May 17, 2012). Clearly, the BOP has reconsidered its earlier determination since Houston remains incarcerated at USP-Lewisburg.

However, despite having been afforded an opportunity to submit an Amended Petition, Houston has failed to set forth any facts explaining why his release date was apparently changed. It is unclear as to the grounds underlying the change in the release date; the Amended Petition fails to state whether the change was due to a loss of good conduct time or the result of a sentence recalculation.

In addition, the Petitioner has failed to set forth any facts or claims which

would provide notice as to his bald contention that the apparent modification of his release date was improper. Rather, his Amended Petition is best described as being a tirade against federal correctional officials which lacks any factual substance.

Since the Amended Petition fails set forth a discernible claim challenging the legality of the BOP's decision to change his release date, any such assertion cannot presently proceed and the Respondent's request for dismissal will be granted without prejudice. An appropriate Order will enter.[3]

                                BY THE COURT:

                                s/ Matthew W. Brann
                                Matthew W. Brann
                                United States District Judge

---

[3] Houston may reassert his claim of an improper change in his release date in a new action if he so chooses. However, if he elects to do so, the Petitioner must state the nature of his claim in a clear and concise manner and provide adequate relevant supporting facts so that the basis for his claim can be addressed.